# Exhibit A
# State-Court Documents



**KENTUCKY COURT OF JUSTICE**

**17-CI-006432**

**WILLIAMS, YVETTE, ET AL VS. AETNA LIFE INSURANCE COMPANY,**

JEFFERSON CIRCUIT COURT
Filed on **12/04/2017** as **OTHER** with **HON. BRIAN EDWARDS**
**** NOT AN OFFICIAL COURT RECORD ****

| Parties | 17-CI-006432 |
|---|---|

**AETNA LIFE INSURANCE COMPANY**, as **DEFENDANT / RESPONDENT**

Address
PO BOX 14578
LEXINGTON KY 40512

Summons
CIVIL SUMMONS issued on **12/04/2017** served on **12/14/2017** by way of **CERTIFIED MAIL**
SERVE: ANY OFICER OR AGENT SUC CESSFUL

**AETNA**, as **PLAINTIFF / PETITIONER**

Address
151 FARMINGTON AVENUE
HARTFORD CT 06156

Summons
CIVIL SUMMONS issued on **12/04/2017** by way of **PERSONAL SERVICE**
SGERUFFM SERVEL SECRETART IF STATE

**FLORIO, ROBERT A**, as **DEFENDANT / RESPONDENT**

Address
1500 STORY AVENUE
LOUISVILLE KY 40206

**UNITED PARCEL SERVICE**, as **DEFENDANT / RESPONDENT**

Address
55 GLENLAKE PARKWAY NE
ATLANTA GA 30328

Summons
CIVIL SUMMONS issued on **12/04/2017** by way of **PERSONAL SERVICE**
SECRETARY OF STATE

**WILLIAMS, YVETTE** as **PLAINTIFF / PETITIONER**

| Documents | 17-CI-006432 |
|---|---|

**COMPLAINT / PETITION** filed on **12/04/2017**

**RETURN OF SERVICE** filed on **12/12/2017**
SOS EXECUTED 12/8/17 FOR UPS

**RETURN OF SERVICE** filed on **12/12/2017**
SOS EXECUTED 12/8/17 FOR AETNA

| Images | 17-CI-006432 |
|---|---|

There are no images found for this case.

**** End of Case Number : 17-CI-006432 ****

NO.  **17CI 06432**          JEFFERSON CIRCUIT COURT
                             DIVISION _____

YVETTE WILLIAMS               )        PLAINTIFF
                              )
v.                            )
                              )
                   COMPLAINT  )
                              )
                              )
                              )
AETNA                         )
151 Farmington Ave.           )
Hartford CT 06156             )
Serve:                        )
Secretary of State            )
                              )
AETNA LIFE INSURANCE COMPANY  )        DEFENDANT
PO BOX 14578                  )
LEXINGTON KY 40512            )
                              )
                              )   FILED IN CLERK'S OFFICE
                              )   DAVID L. NICHOLSON, CLERK
SERVE:                        )
ANY OFFICER OR AGENT          )          DEC - 4 2017
                              )
                              )   BY_____
-and-                         )       DEPUTY CLERK
                              )
UNITED PARCEL SERVICE         )
55 Glenlake Parkway NE        )
Atlanta, GA 30328             )
                              )
Serve:                        )
Secretary of State            )

                    ***         ***         ***

Comes the Plaintiff, YVETTE WILLIAMS, by counsel, and for her cause of action against Defendant states as follows:

### PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Aetna Life Insurance Company (hereinafter "carrier" or "Defendant" or "Aetna") is



a corporation doing business in the Commonwealth of Kentucky.

3. United Parcel Service ("UPS") is a Georgia corporation doing business in Kentucky and upon information and belief is the actual funder and holder of the trust fund of the wage replacement insurance plan that is the subject of this action.

4. This is an action brought by a participant to recover long-term disability benefits ("LTD") due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

5. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

6. Plaintiff was a full-time employee of UPS ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 10680495.

7. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

8. At all times relevant to this Complaint, the Plan was administered by Aetna and at all relevant times Aetna remained the so called "plan administrator". Upon information and belief Aetna controls the disability determination that accesses claimants to the UPS owned fund.

9. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

10. Plaintiff applied for and was approved for LTD by Aetna. Subsequently, and for reasons that are medically specious, Plaintiff's claim file was re-reviewed and she was denied said benefits. Plaintiff appealed the LTD decision but Aetna refused to consider the appeal and provided no decision for a period exceeding. Said inaction on part of Plaintiff exhausts administrative remedies under the plan. See 29 C.F.R. 2560.503 (f)(1) et. seq.

11. Aetna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Aetna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

12. Aetna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as she did before the onset of her disability. Aetna refused to consider all of the Plaintiff's medical ailments and combined effect on her to

terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

13. Aetna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

14. Aetna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

16. Defendant Aetna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

17. At all relevant times Aetna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

18. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

19. If Defendant ignores the finding of SSA without adequate explanation, even though it is outside the administrative record, in its decision and thusly in violation of sixth circuit jurisprudence. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

20. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1

### DENIAL IS IN VIOLATION OF ERISA STATUTE

21. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

22. Defendants, jointly and severally, have wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

23. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;
4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;
5. For her costs expended herein;
6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

robertfloriolaw@outlook.com



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

December 8, 2017

UNITED PARCEL SERVICE
55 GLENLAKE PARKWAY NE
ATLANTA, GA 30328

**RECEIVED**
DEC 2 6 2017
SOP
UPS CORP. LEGAL

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 17-CI-06432

COURT: Circuit Court Clerk
Jefferson County, Division: 12
700 West Jefferson St.
Louisville, KY 40202
Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) The attorney filing this suit whose name should appear on the last page of the complaint, or
(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

---

| AOC-105 Doc. Code: CI | | Case No. 17CI06432 |
|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice www.courts.ky.gov CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Court ☐ Circuit ☐ District JEFFERSON CIRCUIT COURT County DIVISION TWELVE (12) |

**PLAINTIFF**

YVETTE WILLIAMS

RECEIVED DEC 08 2017 BY

VS.

**DEFENDANT**

UNITED PARCEL SERVICE
55 GLENLAKE PARKWAY NE
ATLANTA GA 30328

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

_____

_____

_____

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: DEC - 4 2017, 2____    _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

NO. 17CI06432

JEFFERSON CIRCUIT COURT
DIVISION JEFFERSON CIRCUIT COURT
DIVISION TWELVE (12)

YVETTE WILLIAMS ) PLAINTIFF
)
v. )
) **COMPLAINT**
)
AETNA )
151 Farmington Ave. )
Hartford CT 06156 )
Serve: )
Secretary of State )
)
AETNA LIFE INSURANCE COMPANY ) DEFENDANT
PO BOX 14578 )
LEXINGTON KY 40512 )
)
SERVE: )
ANY OFFICER OR AGENT )
) A COPY
-and- ) ATTEST: DAVID L. NICHOLSON, CLERK
) JEFFERSON CIRCUIT COURT
UNITED PARCEL SERVICE ) LOUISVILLE, KENTUCKY
55 Glenlake Parkway NE ) BY_____D.C.
Atlanta, GA 30328 )
)
Serve: )
Secretary of State )

\*\*\* \*\*\* \*\*\*

Comes the Plaintiff, YVETTE WILLIAMS, by counsel, and for her cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Aetna Life Insurance Company (hereinafter "carrier" or "Defendant" or "Aetna") is

a corporation doing business in the Commonwealth of Kentucky.

3. United Parcel Service ("UPS") is a Georgia corporation doing business in Kentucky and upon information and belief is the actual funder and holder of the trust fund of the wage replacement insurance plan that is the subject of this action.

4. This is an action brought by a participant to recover long-term disability benefits ("LTD") due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

5. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

6. Plaintiff was a full-time employee of UPS ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 10680495.

7. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

8. At all times relevant to this Complaint, the Plan was administered by Aetna and at all relevant times Aetna remained the so called "plan administrator". Upon information and belief Aetna controls the disability determination that accesses claimants to the UPS owned fund.

9. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

10. Plaintiff applied for and was approved for LTD by Aetna. Subsequently, and for reasons that are medically specious, Plaintiff's claim file was re-reviewed and she was denied said benefits. Plaintiff appealed the LTD decision but Aetna refused to consider the appeal and provided no decision for a period exceeding. Said inaction on part of Plaintiff exhausts administrative remedies under the plan. See 29 C.F.R. 2560.503 (f)(1) *et. seq.*

11. Aetna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Aetna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

12. Aetna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as she did before the onset of her disability. Aetna refused to consider all of the Plaintiff's medical ailments and combined effect on her to

terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

13. Aetna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

14. Aetna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

16. Defendant Aetna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

17. At all relevant times Aetna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

18. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

19. If Defendant ignores the finding of SSA without adequate explanation, even though it is outside the administrative record, in its decision and thusly in violation of sixth circuit jurisprudence. <u>Whitaker v. Hartford Life and Accident Co.</u> 404 F.3d 947 (6th Cir. 2005).

20. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1

## DENIAL IS IN VIOLATION OF ERISA STATUTE

21. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

22. Defendants, jointly and severally, have wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

23. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;
4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;
5. For her costs expended herein;
6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

robertfloriolaw@outlook.com